# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**CLISTY K. HILL,**
**Claimant Below, Petitioner**

**FILED**
**October 1, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-174**        (JCN: 2023013491)

**WYOMING COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Clisty Hill appeals the March 25, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Wyoming County Board of Education ("Wyoming BOE") timely filed a response.[1] Ms. Hill did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which rejected the claim on the basis that Ms. Hill was not injured in the course of and resulting from employment.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Hill was employed by Wyoming BOE as a Title I teacher. On January 9, 2023, she completed an Employees' and Physicians' Report of Occupational Injury or Disease alleging that she sustained an injury on January 3, 2023, when a child jumped up and hit her on the back of the head. Ms. Hill alleged that she was again hit in the back of the head by the child on January 4, 2023. The physician's portion of the application was signed by personnel at Family Healthcare, and the diagnosis was listed as a concussion. Ms. Hill also submitted a Wyoming County BOE Accident Investigation Report on January 9, 2023. Ms. Hill and Tina Adams, the Principal, signed the form and indicated that the student had jumped up and tapped Ms. Hill on the head several times while she was performing evening bus duty.

---

[1] Ms. Hill is represented by Edwin H. Pancake, Esq. Wyoming BOE is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq.

1

On January 9, 2023., Ms. Hill was treated at Family Healthcare by Jeffrey Prichard, PA-C. Ms. Hill reported that a child ran and hit her in the back of the head, and that she was hit a second time by the child in the back of the head on January 4, 2023. Ms. Hill stated that she was experiencing memory loss, headaches, and her eyes were not focusing. PA-C Prichard diagnosed a concussion, and instructed Ms. Hill to remain off work for a week.

Ms. Hill followed-up with PA-C Prichard on January 16, 2023. She complained of constant headaches, dizziness, forgetfulness, and perception issues with her eyes. On January 30, 2023, Ms. Hill returned to Family Healthcare, and reported that she was doing better, although she was still having headaches. PA-C Prichard assessed a concussion with no loss of consciousness, and Michael Muscari, D.O., referred Ms. Hill to a neurologist, psychiatrist, and ophthalmologist.

On February 1, 2023, Randall Short, D.O., performed a physician's review of Ms. Hill's claim. Dr. Short indicated that he had reviewed the video footage of January 4, 2023, which showed a small female student approaching Ms. Hill, and then jumping up and tapping her on top of the head several times, which he opined was not of sufficient energy to cause injury, especially not a concussion. Further, Dr. Short opined that the objective physical examination findings did not support cerebral concussion or visual disturbances.

On February 15, 2023, the claim administrator issued an order denying the claim. The order stated that the disability complained of was not due to an injury or disease in the course of and resulting from employment. Ms. Hill protested this order.

On April 7, 2023, Ms. Hill underwent an MRI of her brain without contrast. The MRI revealed acute left maxillary sinusitis with a few scattered white matter signal abnormalities, likely chronic microvascular changes.

On May 22, 2023, Ms. Hill was seen by Hassan Jafary, M.D., a psychiatrist. Ms. Hill reported that she was having difficulties with headaches, head pain, memory loss, and difficulty concentrating after her injury. Ms. Hill stated that she believed the MRI to be proof of a traumatic brain injury, and she requested medical marijuana. Dr. Jafary informed Ms. Hill that her diagnosis did not meet the requirements for medical marijuana, and diagnosed her with generalized anxiety disorder, acute stress reaction, and R/O malingering.

On June 26, 2023, Ms. Hill gave a deposition. She testified that on January 3, 2023, she was escorting students down the hallway prior to the first incident, and that a second-grade student came up behind her and struck her in the back of the head multiple times. Ms. Hill stated that the second incident occurred on January 4, 2023, in the same manner, and that she reported the incident to the principal, who is the student's mother. Ms. Hill stated that after the incidents she experienced debilitating headaches and extreme

sensitivity to light and sound, but that the sensitivity to light and sound had since returned to normal. Further, Ms. Hill testified that she still suffered from fatigue, dizziness, and other symptoms, and that she had not worked since January 5, 2023.

On November 1, 2023, Ms. Hill was evaluated by Christopher Martin, M.D., who stated that he did not believe that the evidence supported any type of traumatic brain injury or concussion. He concluded that Ms. Hill's persistent complaints after the incident were not supported by any physical symptoms from the events of January 3, 2023, and January 4, 2023, or any organic diagnosis that may have arisen from those events.

By order dated March 25, 2024, the Board affirmed the claim administrator's order, which rejected the claim. The Board noted that Drs. Short and Martin opined that the videos in this case do not demonstrate that Ms. Hill sustained an injury to her head on January 3, 2023, or January 4, 2023. The Board found that the medical evidence does not establish that Ms. Hill sustained an injury, as there were no objective findings consistent with a concussion. Thus, the Board concluded that Ms. Hill had not shown that she sustained a compensable injury in the course of and resulting from her employment. It is from this order that Ms. Hill now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, No. 23-43, 2024 WL 1715166, __ W. Va. __, __ S.E.2d __ (2024).

On appeal, Ms. Hill argues that the Board's decision is clearly wrong, as the Board seemed to ignore medical evidence submitted by Ms. Hill and gave more credibility to the

opinions of Drs. Short and Martin. Ms. Hill also argues that while the video evidence may show an injury that does not appear to be severe, the taps in the back of the head had a cumulative effect, as evidenced by the concussion diagnosis given by Ms. Hill's initial treatment by PA-C Prichard and a neurologist. We disagree.

Three elements must coexist in workers' compensation cases to establish compensability: "(1) a personal injury, (2) received in the course of employment, and (3) resulting from that employment." Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970).

Moreover, as set forth by the Supreme Court of Appeals of West Virginia, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's order, which rejected the claim.

We conclude that Ms. Hill has not shown error in the Board's conclusion that she did not sustain a compensable injury in the course of and resulting from her employment. The Board's ruling is well supported by the medical record, including the reports by Drs. Short and Martin, noting that they reviewed the video footage in this case. Further, the Board reviewed the video footage and determined that it did not demonstrate that Ms. Hill sustained an injury to her head, and instead showed a second-grade student tapping her on the head. Based on the foregoing, we find no error in the Board's conclusion that Ms. Hill did not show that she sustained a compensable injury in the course of and resulting from her employment.

Accordingly, we affirm the Board's March 25, 2024, order.

Affirmed.

**ISSUED:** October 1, 2024

**CONCURRED IN BY:**

Judge Charles O. Lorensen
Judge Daniel W. Greear

Chief Judge Thomas E. Scarr, not participating

4